## VEREEN et al. v. ALLEN.

### Civ. A. No. 436.

District Court, M. D. Georgia,
Macon Division.

Dec. 19, 1947.

Waldo De Loache and J. O. Gibson, both of Moultrie, Ga., for plaintiffs.

Jno. P. Cowart, U. S. Atty., and T. Reese Watkins, Asst. U. S. Atty., both of Macon, Ga., and Homer R. Miller, Sp. Asst. to the Atty. Gen., for defendant.

DAVIS, District Judge.

This case was tried to the Court without a jury. Voluminous evidence was presented, stipulations of facts filed, and written briefs and arguments submitted. The Court makes the following findings of facts and conclusions of law:

### Findings of Fact

1. W. C. Vereen died at Moultrie, Georgia, on February 16, 1942 in his 83rd year. The plaintiffs are the duly qualified executors of his will. In due season they filed an estate tax return with the defendant.

and paid the tax shown to be due thereon. A disagreement arose as to the proper amount of taxes due and the Commissioner of Internal Revenue made a deficiency assessment. The plaintiffs paid the assessment and filed a timely claim for refund, which was denied, and this suit was filed.

2. Decedent on or about December 23, 1940, and within two years of his death, made gifts and transfers of stocks and bonds to his four children, and to the children of a deceased daughter, in five equal shares, and aggregating $221,412.50. The Commissioner of Internal Revenue included these stocks and the value thereof in the gross estate of decedent for estate tax purposes.

■ I find that the gifts and transfers were not made in contemplation of death within the purview of Section 811(c) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev. Code, § 811(c), and that the presumption created by said section has been overcome by the evidence.

3. On the date of his death decedent owned, among other things, 228 shares of Moultrie Banking Company stock, 182 shares of Moultrie Cotton Mills stock, 169 shares of Riverside Manufacturing Company stock, and 120 shares of Moultrie Grocery Company stock; each of said stocks of par value of $100.00 per share; and 13 bonds of various denominations in Moultrie Hotel Corporation. Each of these holdings is a minority interest.

I find the fair market value of said stocks and bonds, as of the date of decedent's death, to be as follows: Moultrie Banking Company, $200 per share, Moultrie Cotton Mills, $105 per share, Riverside Mfg. Company, $150 per share, Moultrie Grocery Company, $100 per share, Moultrie Hotel Corporation bonds, 25% of their par value.

■ 4. The plaintiffs have paid out in executors' commissions the sum of $10,000 and are entitled to a deduction of said amount from the gross value of said estate, in addition to the deductions allowed by the Commissioner.

■ I further find, in addition thereto, that the plaintiffs have paid out, or have obligated themselves by contract to pay, an additional aggregate amount in excess of $15,000 for expenses of administration and attorney's fees, as set out in their claim for refund. Since the plaintiffs have, in their claim for refund and their suit based thereon, limited themselves to $15,000 as a deduction from the value of the decedent's gross estate, with respect to administration expenses and attorney's fees, not including the $10,000 executors' fees paid, I, therefore, find that the plaintiffs are entitled to a deduction of $15,000 from the gross value of the decedent's estate, as claimed by them in respect to administration expenses and attorney's fees.

■ In reaching this conclusion, I have disallowed as not proper charges the sum of $47.75, as costs and expenses paid by the plaintiffs in procuring a discharge as administrator of the estate of Mrs. Pearl V. Stuart, that being in the Court's opinion a charge that should be paid by the estate of Mrs. Stuart; the sum of $85 for a tax service for the executors and paid by the executors, and the sum of $400, estimated cost of the record in this case, if it is appealed. These three items are not included in the amounts allowed as deductions, as stated above.

5. The Court finds that the facts, as stipulated by the parties in Stipulations Nos. 1, 2 and 3, are true.

### Conclusions of Law

1. The Court has jurisdiction of the parties and the subject-matter.

2. The Commissioner of Internal Revenue erred in including the value of the gifts and transfers, made by decedent to his children and grandchildren on or about December 23, 1940, in decedent's gross estate for estate tax purposes.

3. The Commissioner of Internal Revenue erred in determining the fair market value of stocks to be, as follows: (a) Moultrie Banking Company, $260.00 per share, (b) Moultrie Grocery Company, $114.00 per share, (c) Moultrie Cotton Mills, $112.00 per share, (d) Riverside Mfg. Company, $200.00 per share, (e) Moultrie Hotel Corporation bonds, 40% of par value.

4. The Commissioner of Internal Revenue erred in disallowing the expenses of administration.

5. Plaintiffs have overcome the statutory presumptions and have carried their burden by a preponderance of the evidence, and are entitled to recover in accordance with the findings of fact and conclusions of law herein.

So ordered.